**CHRYSLER CREDIT CORPORATION,**
Plaintiff–Appellee,

v.

**Jim CATHEY; Doris Cathey,**
Defendants,

**David Ross; Darlene Ross,**
Defendants–Appellants,

**Sammy Ross; Stephanie**
**Ross, Defendants,**

**James Hagans; Bonnie Hagans,**
Defendants–Appellees,

**Ross–Cathey Motors, Incorporated,**
Defendant.

No. 91–3614.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1992.

Decided Oct. 14, 1992.

James S. Dunham, Russellville, Ark., for defendants-appellants.

H. Clay Fulcher, Fayetteville, Ark., for defendants-appellees, James Hagans and Bonnie Hagans.

Greg Smith of Little Rock, Ark., and Charles A. Newman, James W. Erwin and Thena G. Poteat, St. Louis, Mo., for plaintiff-appellee, Chrysler Credit Corp.

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

This appeal arises from the sale of a Chrysler dealership owned by James and Bonnie Hagans to Ross–Cathey Motors, Incorporated, a corporation owned by David and Darlene Ross and Jim and Doris Cathey. To finance the dealership purchase, the Catheys signed a promissory note secured by a mortgage in favor of Chrysler Credit Corporation. Acting as the Rosses' agent under individual powers of attorney, Jim Cathey signed the promissory notes and other closing documents for David and Darlene Ross. The powers of attorney appointed Jim Cathey "to act for me in my place, as my attorney-in-fact for the purpose of closing the sale of Hagans Motors, Inc. to Ross Cathey Motors Inc." After a Chrysler Credit audit one year later revealed a significant deficiency in the assets of Ross–Cathey Motors, the dealership voluntarily surrendered its assets to Chrysler Credit.

Chrysler Credit filed this diversity action for breach of the promissory notes and security agreements and joined the Haganses as defendants because they held a second mortgage on the dealership. The Haganses cross-claimed against the Rosses and Catheys. Chrysler Credit moved for partial summary judgment and for a judicial sale of the real estate. Although the district court extended the time for response to the motion, neither the Rosses nor the Catheys responded. The district court granted the motion and the real estate was sold. The only remaining issues were the amount of the deficiency and a dispute between the mortgagors about the disposition of the sale's proceeds.

The Rosses then retained new counsel and asserted the powers of attorney did not authorize Cathey to incur personal liability on the Rosses' behalf. The district court allowed the Rosses to amend their answer to plead this theory. Nevertheless, the district court concluded the powers of attorney the Rosses signed bound them to all obligations contained in the documents signed in connection with the dealership's sale to Ross–Cathey Motors. Thus, the district court ordered Chrysler Credit and the Haganses to submit affidavits specifying the amount outstanding on the debt. The district court later entered judgment for Chrysler Credit and the Haganses for the amount due under the notes and agreements less any credit, and awarded the Haganses attorney fees. The Rosses appeal and we affirm.

■ First, the Rosses contend the district court erroneously concluded the powers of attorney the Rosses signed authorized Jim Cathey to incur personal liability on their behalf. The district court found the powers of attorney explicitly empowered Jim Cathey to act for the Rosses in closing the dealership sale and purchase and concluded as a matter of law that this encompassed incurring personal liability on the dealership notes. See *Arkansas Med. & Hosp. Serv., Inc. v. Cragar*, 220 Ark. 704, 249 S.W.2d 554, 557 (1952) (delegation to do all acts connected with a particular business is a general agency). Having reviewed this question of state law de novo, we agree with the district court.

■ Second, the Rosses contend the district court's refusal of a hearing on the merits denied them due process. Four days before trial, the district court removed the case from the trial docket and ordered the parties to submit the case on the record and briefs. The order erroneously stated the attorneys for all parties had agreed to this procedure. The district court overruled the Rosses' objection.

Although the district court decided the case without conducting a hearing on the

merits, we conclude the district court did not violate the Due Process Clause. When a deprivation of property is based on undisputed facts or issues, the Due Process Clause does not require any procedure. 2 Ronald D. Rotunda & John E. Nowak, *Treatise on Constitutional Law* § 17.8, at 645 (2d ed. 1992). Thus, when there is no material factual dispute, there is no hearing requirement. *See Codd v. Velger*, 429 U.S. 624, 627, 97 S.Ct. 882, 883, 51 L.Ed.2d 92 (1977) (per curiam). Further, summary judgment is appropriate when "there is no genuine issue [of] material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Although Rule 56(c) refers to a hearing, an opportunity to submit briefs and supporting affidavits satisfies the parties' right to be heard. *Geear v. Boulder Community Hosp.*, 844 F.2d 764, 766 (10th Cir.), *cert. denied*, 488 U.S. 927, 109 S.Ct. 312, 102 L.Ed.2d 331 (1988); *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 176 & n. 8 (3d Cir.1990); *see also Parish v. Howard*, 459 F.2d 616, 620 (8th Cir.1972) (district court did not commit error in denying oral argument on summary judgment motion even though both parties requested a hearing).

Third, the Rosses contend the district court erroneously granted summary judgment to the Haganses because they did not move for summary judgment or make allegations showing an absence of material fact. We disagree. Federal district courts have power to grant summary judgment sua sponte when the losing party is given sufficient advance notice and an adequate opportunity to submit evidence in opposition. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); *Interco Inc. v. National Sur. Corp.*, 900 F.2d 1264, 1269 (8th Cir.1990). Here, the Rosses knew the district court was considering Chrysler Credit's summary judgment motion and the Rosses had a chance to come forward with their evidence. In addition, the Haganses' right to judgment turned on the same issue as Chrysler Credit's right to judgment: the Rosses' personal liability. Having concluded the Rosses were personally liable and

Chrysler Credit was entitled to judgment, the district court had no reason to delay the entry of judgment for the Haganses.

Fourth, the Rosses contend the district court abused its discretion in awarding attorney fees to the Haganses because the Haganses filed their motion for attorney fees six days after the district court's deadline and seven days after the local rule required. The "application of local rules is a matter peculiarly within the district court's province." *Reyher v. Champion Int'l Corp.*, 975 F.2d 483, 489 (8th Cir. 1992). We conclude the district court did not abuse its discretion in considering the Haganses' fee application.

Fifth, the Rosses contend the district court's damage award is clearly erroneous because the amount is based on conclusory affidavits filed by Chrysler Credit and the Haganses. The Rosses also contend the district court's refusal to hold a hearing on the damage question denied them due process. We disagree with both contentions. The Rosses have not challenged the affidavits' accuracy. Because there is no question of fact, we affirm the district court's damage award.

Accordingly, we affirm.