Rolando **MARTINEZ–LORENZO**,
Plaintiff,

v.

Bessie **WELLINGTON**, et al., **Defendants.**

No. 94–0661–CV–W–3.

United States District Court,
W.D. Missouri,
Western Division.

Dec. 22, 1995.

Roland Martinez–Lorenzo, USP–White Deer United States Penitentiary, White Deer, PA, Pro Se.

Anita L. Mortimer, D. Michael Green, U.S. Attorney's Office, Kansas City, MO, defendants.

## JUDGMENT

SMITH, District Judge.

Following his plea of guilty to one count of distributing cocaine base, Rolando Martinez–Lorenzo filed this *pro se* complaint seeking to recover property seized by state law enforcement officials and subsequently turned over to federal law enforcement officials. His amended complaint also seeks an award of monetary damages against several federal officials.[1] The United States (the "Government") sought summary judgment or, in the alternative, to have Martinez–Lorenzo's suit dismissed. The Court, *inter alia,* denied the Government's motion and instructed the Government "to show the existence of disputed material facts or legal authority demonstrating why plaintiff is not entitled to summary judgment. . . ." Order of October 10, 1995 (hereafter the "October Order"). The Government's response to the October Order consists of supplemental affidavits and argument as well as a request that the Court reconsider parts of its earlier denial of the Government's motion for summary judgment Martinez–Lorenzo has responded to the Government's latest filing, the Government has not filed a reply and the time for doing so has passed.

The parties' latest filings, along with the affidavits and other materials previously filed, demonstrate that there are no material facts in dispute. Both parties are aware that the entry of summary judgment against them is a possibility, Martinez–Lorenzo received notice by virtue of the Government's original motion and its request that the Court reconsider the October Order, and the Government received notice by virtue of the content of the October Order. *See Chrysler Credit Corp. v. Cathey,* 977 F.2d 447, 449 (8th Cir. 1992); *Marshall v. Local Union No. 6,* 960 F.2d 1360, 1368 (8th Cir.1992). Accordingly, it is appropriate for judgment to be entered as a matter of law.

## I. Background

The following facts are undisputed. On April 1, 1992, Detective Bessie Wellington of the Jackson County (Missouri) Sheriff's Office executed a search warrant at Martinez–Lorenzo's residence and confiscated a wide variety of items, including three vehicles, electronic equipment, (the "Electronic Equipment") and a wide variety of miscellaneous

---

1. Martinez–Lorenzo also sought an award of monetary damages against a state official. This defendant was dismissed pursuant to the Court's Order of October 10, 1995.

items (the "Other Property"). As permitted by 21 C.F.R. § 1316.91(*l*); *see also Madewell v. Downs*, 68 F.3d 1030, 1037–38 (8th Cir.1995), the FBI adopted the seizures of the vehicles and the Electronic Equipment. On July 22 and 23, 1992, the FBI mailed notice of seizure letters to two addresses supposedly belonging to Martinez–Lorenzo. These notices were returned as undeliverable. Notices were also mailed to Leonard S Hughes II, Esq. based on an April 3, 1992 letter supplied by the Kansas City Police Department indicating that Hughes represented Martinez–Lorenzo in state court proceeding to recover the return of this property. Notice of the forfeiture was also published in the *New York Times* for three successive weeks. Finally, on July 28, 1992, notice of the seizure of the cars—but not the remaining personal property—was mailed to Martinez–Lorenzo at the federal penitentiary at which he was incarcerated.[2] Though these notices identified Martinez–Lorenzo as the addressee, they mistakenly identified his inmate number as "05035–045" instead of his actual inmate number, "05035–050." Nobody, including Martinez–Lorenzo, filed a claim for the property, and it was administratively forfeited on March 16, 1993 pursuant to 21 U.S.C. § 881 and 19 U.S.C. §§ 1607–18.

Meanwhile, Martinez–Lorenzo was in federal custody. A criminal complaint was filed on April 1, 1992, along with the Government's motion to detain Martinez–Lorenzo pending trial. That same day the Court issued an order appointing the Federal Public Defender as counsel for Martinez–Lorenzo. On April 14, the Court granted the Government's motion and ordered Martinez–Lorenzo held pending trial, he was indicted on April 20. Attorney John Frankum entered his appearance on Martinez–Lorenzo's behalf on July 8, 1992, and the plea agreement under which Martinez–Lorenzo plead guilty was filed on August 5, 1992. Thus, from April 14, 1992 to the present, Martinez–

Lorenzo has been in the custody of the Government.

On August 5, 1994, Martinez–Lorenzo filed suit seeking the return of two of the three vehicles (a 1984 Lincoln and a 1992 Mazda, collectively referred to as the "Vehicles"), the Electronic Equipment and the Other Property. Martinez–Lorenzo then filed a document that appeared to be an amended complaint, the Court ordered the Clerk of Court to treat this document as an amended complaint and ordered that it be filed as such. In addition to the previously asserted right to the return of his property, the amended complaint asserted a *Bivens*[3] action against various federal officials. These officials have not been served with a copy of the amended complaint, and Martinez–Lorenzo has never requested that the United States Marshall be ordered to serve the amended complaint.

## II. Discussion

### A Standards for Summary Judgment

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *See generally Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir.1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248, 106 S.Ct. 2505, 2509–2510, 91 L.Ed.2d 202 (1986). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588–89, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986), *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir.1984),

---

2. The Court was first informed of the existence of the July 28 letters as part of the Government's request that the October Order be reconsidered. Obviously, these letters played no part in the Court's decision of October 10, and their relevance to these proceedings justifies reconsideration of the Court's preliminary conclusions as expressed in the October Order.

3. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (permitting suits against federal actors to redress violations of the Constitution).

*cert. denied,* 470 U.S. 1057, 105 S.Ct. 1767, 84 L.Ed.2d 828 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the ... pleadings, but ... by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

█ Because Martinez–Lorenzo appears without the benefit of counsel, his pleadings must be "liberally construed as seeking the proper remedy." *United States v. Woodall,* 12 F.3d 791, 794 n. 1 (8th Cir.1993). Martinez–Lorenzo's amended complaint clearly alleges that he was not notified of the impending forfeiture proceedings, and federal courts do have jurisdiction to consider collateral due process challenges to administrative forfeiture. *Id.* at 793.

█ The Government seeks summary judgment because the property was validly forfeited to the United States, in making this argument, the Government contends its attempts to notify Martinez–Lorenzo were sufficient. "In a proceeding of this nature, the Constitution requires 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objection.'" *Woodall,* 12 F.3d at 794 (citing *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)). The adequacy of the notice is to be measured "at the time the notice was sent." *Id.*

### B. The Vehicles

█ With respect to the Vehicles, the Government's attempts were clearly calculated to apprise Martinez–Lorenzo of the impending forfeiture. Personal service is, as a matter of law, sufficient. None of the shortcomings raised by Martinez–Lorenzo are of sufficient degree or nature to raise a relevant factual dispute about the sufficiency of the Government's efforts. Notwithstanding the error regarding Martinez–Lorenzo's identification number, the fact remains that the letter correctly identified him by name and was sent to a the institution in which he was incarcerated. Finally, and perhaps most importantly, a careful reading of his statements

reveals that while Martinez–Lorenzo denies receiving the July 6, 1992 and July 22, 1992 letters, he never denies receiving the July 28, 1992 letters. Accordingly, Martinez Lorenzo cannot avoid the effects of the forfeiture by demonstrating that he received inadequate notice, so the Government's request for summary judgment with respect to the Vehicles is GRANTED.

### C. The Electronic Equipment

█ The fact that Martinez–Lorenzo was incarcerated at the Government's insistence demonstrates that summary judgment in the Government's favor is inappropriate with respect to the Electronic Equipment:

> When the government has actual knowledge of an interested party's whereabouts at the time forfeiture is commenced, failure to direct the statutorily required personal notice to that address cannot be considered compliance with either the statute or minimum due process standards. Moreover, if the government is incarcerating or prosecuting the property owner when it elects to impose the additional burden of defending a forfeiture proceeding, *fundamental fairness surely requires that either the defendant or his counsel receive actual notice* of the agency's intent to forfeit in time to decide whether to compel the agency to proceed by judicial condemnation.

*Woodall,* 12 F.3d at 794–95 (internal citations omitted) (emphasis added). The Government has abandoned its earlier contention that the FBI did not know where Martinez–Lorenzo was incarcerated; indeed, the fact that the Government delivered notices regarding the Vehicles to Martinez–Lorenzo demonstrates that the information was readily obtainable. *See, e.g., Torres v. $36,256.80 United States Currency,* 25 F.3d 1154, 1161 (2d Cir.1994) (a "simple call to the Bureau of Prisons" is usually sufficient to locate someone incarcerated in the federal prison system), *cited with approval in Madewell,* 68 F.3d at 1046. *Woodall* explicitly requires actual notice to either the prospective claimant or his counsel when, as here, the known property owner is incarcerated pursuant to the Government's actions. The Court is also concerned that, having provided Martinez–Lorenzo with personal notice of the Vehicles' forfeiture, the

Government created a false and misleading belief that the Electronic Equipment was not subject to forfeiture.

The notice sent to Hughes does not satisfy *Woodall*'s requirements. Contacting an attorney that, as far as the FBI knew, last represented the claimant three months prior to the forfeiture proceedings is hardly adequate when Martinez–Lorenzo's whereabouts were readily discoverable and, as evidenced by the notice regarding the Vehicles, were actually known to the FBI. Moreover, a simple check of the docket sheet would have quickly told the FBI that Hughes did not represent Martinez–Lorenzo on the federal charges.[4] Accordingly, notice to Hughes cannot substitute for notice to Martinez–Lorenzo.

For these reasons, the Court is persuaded that the notices sent to Martinez–Lorenzo warning of the impending forfeiture of the Electronic Equipment did not satisfy the "actual notice" requirement set forth in *Woodall.* Accordingly, judgment is entered in favor of Martinez–Lorenzo, and the Government is ORDERED, within thirty days of this Judgment becoming final, to either return the Electronic Equipment[5] to Martinez–Lorenzo or institute forfeiture proceedings in District Court.

### D.  The Other Property

 The Government has submitted affidavits from members of the Kansas City, Missouri Police Department stating that the only property turned over to the FBI was the three cars and the Electronic Equipment. Martinez–Lorenzo has not challenged these statements. If the Government never possessed the Other Property, then Martinez–Lorenzo has no cause of action against the Government with respect to the Other Property.

### E.  The Bivens Claims

The individual defendants have not been served, and the time for accomplishing service has expired. *See* Fed.R.Civ.Pro. 4(m). The October Order acknowledged that "[i]t is still an open question in the Eighth Circuit whether the procedures for challenging forfeitures precludes a *Bivens* action, but the majority of courts that have addressed the issue have permitted such a claim. *See Glasgow v. United States Drug Enforcement Admin.,* 12 F.3d 795, 799 (8th Cir.1993)." October Order at page 3. The Court's holding that Martinez–Lorenzo had stated a colorable legal claim against the individual defendants did not obviate the need for Martinez–Lorenzo to pursue available avenues for serving the amended complaint on the individual defendants. *Despain v. Salt Lake Area Metro Gang Unit,* 13 F.3d 1436, 1438 (10th Cir.1994); *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin,* 845 F.2d 113, 116 (6th Cir.1988). Accordingly, and pursuant to Fed.R.Civ.Pro. 4(m), the claims against the individual defendants are DISMISSED WITHOUT PREJUDICE

### III.  CONCLUSION

Accordingly, it is hereby ORDERED that

1.  Judgment is to be entered in favor of the Defendants with respect to Plaintiff's attempt to recover the 1984 Lincoln, the 1992 Mazda, and the Other Property;

2.  Judgment is to be entered in favor of the Plaintiff with respect to his attempt to recover the Electronic Equipment, and the Defendants are ordered, within thirty days of the finality of this judgment, to either return the Electronic Equipment to Martinez–Lorenzo or institute forfeiture proceedings in district court, and

3.  The remaining individual defendants are dismissed without prejudice.

---

4.  Hughes died at some unspecified point between April 1992 and the forfeiture, which may explain why Hughes never contacted Martinez–Lorenzo. In any event, notice to Hughes was insufficient as a matter of law, so the reason for his failure to contact his former client is irrelevant.

5.  The Electronic Equipment consists of those items identified in paragraph 3 of the Declaration of Steven Christensen, which appears as Exhibit 6 to the Government's original motion for summary judgment.