**Edward L. McCALL, Plaintiff–Appellant,**

v.

**CITY OF DANBURY; Danbury Police Department; Alexander Williams; Julio Lopez; Daniel Casagrande; Constance Schuler; Samuel Deibler; Jose Agosto; Linda Lorenco; Joseph Monroe; and Robert Paquette, Defendants–Appellees.**

No. 00–9324.

United States Court of Appeals, Second Circuit.

Aug. 21, 2001.

Jerry V. Leaphart, Jerry V. Leaphart & Associates, P.C., Danbury, CT, for appellant.

John B. Farley, Halloran & Sage LLP, Hartford, CT; James M. Sconzo and Wendi L. Boyden on the brief, for appellee.

Present MINER, JACOBS, and CALABRESI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Edward McCall appeals from the judgment of the United States District Court for the District of Connecticut (Dorsey, J.), granting defendants-appellees' motion for summary judgment or in the alternative, to dismiss. McCall applied for a position as a police officer with defendant City of Danbury, but his ranking on the civil service exam was insufficient to advance him to further testing, and he was not hired. Also named as defendants are the Danbury Police Department, members of Danbury's Diversity in Employment Task Force and various other individuals (collectively, "Danbury").

McCall alleged that (1) Danbury discriminated against him in the course of its hiring for municipal police officers because of his race (African–American); (2) the city's failure to hire him violated 42 U.S.C. §§ 1981, 1983, 1985, and 2000e (Title VII of the Civil Rights Act of 1964); (3) Danbury's failure to implement its announced affirmative action goals amounts to fraudulent misrepresentation; (4) Danbury engaged in negligent and intentional infliction of emotional distress; and (5)

statements in the AA Plan and the Task Force Report are promises that Danbury should be equitably estopped from repudiating.

Danbury moved to dismiss or, alternatively, for summary judgment as to all claims. In a decision dated August 21, 2000, and accompanying order issued on August 22, 2000, the district court (Dorsey, J.) granted Danbury's motion for *summary judgment* on McCall's Title VII, § 1985, fraudulent misrepresentation, and promissory estoppel claims, and on McCall's § 1983 due process claim; and granted Danbury's motion to *dismiss* McCall's claims under § 1981 and § 1983, and his claims for negligent infliction of emotional distress and intentional infliction of emotional distress.

On appeal, McCall argues that the district court (1) improperly analyzed McCall's Title VII claims; (2) erred in dismissing McCall's claims under 42 U.S.C. § 1981 and his § 1983 equal protection claim; and (3) improperly failed to conduct a hearing before ruling on Danbury's motion to dismiss or alternatively, motion for summary judgment.

We assume familiarity of the facts in this case, which are set forth in detail in the district court's opinion. *See McCall v. City of Danbury,* 116 F.Supp.2d 316 (D.Conn.2000).

We affirm the district court's grant of Danbury's motion to dismiss McCall's § 1981 claim, § 1983 equal protection claim, and negligent and intentional infliction of emotional distress claims, and grant of Danbury's motion for summary judgment as to McCall's Title VII, § 1985, fraudulent misrepresentation, and promissory estoppel claims, for substantially the reasons stated in Judge Dorsey's thorough opinion. *See id.*

█ With respect to McCall's disparate treatment claim, we note, however, that contrary to the district court's analysis, McCall did establish a *prima facie* case of hiring discrimination. He produced evidence tending to show that he was an African–American applicant who applied for an open position and was qualified (based on his passing test score) to move on to subsequent stages of the application process, and yet his application was not given further consideration despite the fact that white applicants with the same or lower scores did move on for further testing. *See, e.g., Byrnie v. Town of Cromwell,* 243 F.3d 93, 101–02 (2d Cir.2001). Danbury then met its burden under *McDonnell Douglas* by producing evidence explaining why other applicants were considered ahead of McCall. *See id.* at 202. But the persuasiveness of this explanation does not change the fact that the *prima facie* case was established. *See, e.g., Gregory v. Daly,* 243 F.3d 687, 696–97 (2d Cir.2001) (noting importance of distinguishing employer's rebuttal from plaintiff's *prima facie* case).

█ In any event, the establishment of the *prima facie* case is not the same as surviving summary judgment. *See, e.g., Byrnie,* 243 F.3d at 102. And, for substantially the reasons given by the district court, we conclude that, taken together and in the light most favorable to plaintiff-appellant, the evidence produced by both parties could not support a jury verdict in McCall's favor. Perhaps, as McCall has argued, Danbury's chronological tie-breaker rule, though facially neutral, was selectively invoked in a discriminatory fashion, but the evidence and arguments actually put forward by McCall are inadequate to support that theory. And, by failing to submit an affidavit pursuant to Fed. R.Civ.P. 56(f), McCall forfeited any objection to proceeding to summary judgment without the discovery that might have produced such evidence. *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137 (2d Cir.1994).

■ We conclude that the district court did not err in adjudicating Danbury's motion to dismiss or alternatively, for summary judgment, without a hearing. Rule 12(d) of the Federal Rules of Civil Procedure provides that defenses shall be "heard and determined before trial," and Rule 56(c) states that "[t]he motion shall be served at least 10 days before the time fixed for hearing." Fed.R.Civ.P. 56(c). However, neither of these rules requires a hearing. *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 315–16 (2d Cir.) (per curiam), *cert. denied*, 525 U.S. 983, 119 S.Ct. 448, 142 L.Ed.2d 402 (1998), held that no oral hearing is required by the Due Process Clause of the United States Constitution before dismissal of a complaint under Rule 12(b)(6): "[W]e do not believe that Rule 12(d), which provides that defenses shall be 'heard and determined before trial,' confers a right to an oral hearing before dismissal." *Id.* at 315. Although *Greene* was an appeal from a dismissal of a complaint pursuant to Rule 12(b)(6), this Court addressed the hearing requirement under Rule 56 as well:

> As we noted over thirty years ago, "[m]otions may be decided wholly on the papers, and usually are." *World Brilliance Corp. v.. Bethlehem Steel Co.*, 342 F.2d 362, 366 (2d Cir.1965).
>
> Every circuit to consider the issue has determined that the "hearing" requirements of Rule 12 and Rule 56 do not mean that an oral hearing is necessary, but only require that a party be given the opportunity to present its views to the court. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 910, 110 S.Ct. 3177, 3200, 111 L.Ed.2d 695 (1990)

(Blackmun, J., dissenting) (noting that "[t]he Courts of Appeals consistently have recognized ... that Rule 56 does not necessarily contemplate an oral hearing") (internal quotation marks and citation omitted); *see, e.g. Cray Communications, Inc. v. Novatel Computer Sys.*, 33 F.3d 390, 396 (4th Cir.1994) (oral hearing on summary judgment at discretion of trial court); *Chrysler Credit Corp. v. Cathey*, 977 F.2d 447, 449 (8th Cir.1992) ("hearing" on summary judgment motion may consist of written rather than oral argument); *Arrieta–Gimenez v. Arrieta–Negron*, 859 F.2d 1033, 1042 (1st Cir.1988) (same); *Geear v. Boulder Community Hosp.*, 844 F.2d 764, 766 (10th Cir.1988) (same); *Moore v. Florida*, 703 F.2d 516, 519 (11th Cir. 1983) (same); *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 856 (5th Cir .1983) (per curiam) (same); *Dougherty v. Harper's Magazine Co.*, 537 F.2d 758, 761 (3d Cir.1976) (plaintiff must be given opportunity to be heard, either orally or in writing, prior to Rule 12(b)(6) of dismissal); *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 391 (6th Cir.1975) (Federal Rules do not require oral hearing on motion to dismiss).

*Greene*, 136 F.3d at 315–316. The district court was not required to conduct a hearing before deciding Danbury's motion for dismissal and summary judgment.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.