# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2919

_____

G&K Services Co., Inc.,

*Plaintiff - Appellee*,

v.

Bill's Super Foods, Inc.,

*Defendant - Appellant*,

Billy Orr,

*Defendant*.

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

_____

Submitted: May 23, 2014
Filed: September 5, 2014

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

COLLOTON, Circuit Judge.

G&K Services sued Bill's Super Foods for breach of contract and sought liquidated damages. Bill's Super Foods counterclaimed, asserting common-law

claims and a violation of the Arkansas Deceptive Trade Practices Act. After a trial, the jury awarded G&K Services $50,837.92 on its breach of contract claim. The jury found in favor of G&K Services on Bill's Super Foods' common-law counterclaims, but returned a verdict for Bill's Super Foods on its deceptive trade practices counterclaim, and awarded Bill's $25,418.96 in damages. The district court then awarded G&K Services $82,766.50 in attorney's fees, and denied Bill's Super Foods' motion for attorney's fees. Bill's Super Foods appeals the district court's rulings. We affirm in part, but remand for further proceedings on the claim for fees under the Arkansas Deceptive Trade Practices Act.

I.

G&K Services, a Minnesota corporation with its principal place of business in Minnesota, sued Bill's Super Foods, an Arkansas corporation with its principal place of business in Arkansas, seeking liquidated damages. The district court's jurisdiction was premised on diversity of citizenship. 28 U.S.C. § 1332. G&K alleged that Bill's breached a contract under which G&K was to provide Bill's with certain textile products and services on an exclusive basis. Bill's counterclaimed, alleging that G&K breached the contract, engaged in fraud, suppression, and deceit, and violated the Arkansas Deceptive Trade Practices Act, Ark. Code § 4-88-113.

In September 2009, the district court granted G&K's motion for summary judgment on its breach of contract claim, but ruled that a trial was necessary to determine the amount of liquidated damages. The court granted in part and denied in part G&K's motion for summary judgment on Bill's counterclaims.

After a trial in May 2013, a jury awarded G&K $50,837.92 in liquidated damages on its breach of contract claim. The jury found in favor of G&K on Bill's common-law counterclaims. On Bill's counterclaim under the Arkansas Deceptive

Trade Practices Act, however, the jury found in favor of Bill's Super Foods and awarded it $25,418.96 in damages.

G&K then moved for attorney's fees, citing contractual language and Arkansas Code § 16-22-308, which provides that the prevailing party in certain contract actions may be allowed a reasonable attorney's fee. Bill's also moved for attorney's fees, relying on the Arkansas Deceptive Trade Practices Act, Ark. Code § 4-88-113(f). The district court concluded that G&K, as the prevailing party, was eligible to recover attorney's fees under § 16-22-308. *See Marcum v. Wengert*, 40 S.W.3d 230, 236 (Ark. 2001). G&K requested $109,946.50 in fees, but the court awarded only $82,766.50. The court reduced G&K's request by $22,860 for time devoted to causes of action on which G&K was unsuccessful, and by $4,320 for excessive time spent on jury instructions. The district court denied Bill's motion for attorney's fees.

Bill's then moved the district court to reconsider, arguing that the fees awarded to G&K were excessive. Bill's also urged that it was entitled to attorney's fees under the Arkansas Deceptive Trade Practices Act, even though it was not the prevailing party in the overall action. The district court denied the motion without prejudice, "recogniz[ing] that the Arkansas Deceptive Trade Practices Act allows for reasonable attorney's fees," but noting that Bill's "provided no authority" that the Act "trumps" the prevailing party rule.

After additional briefing, the court again denied Bill's motion for reconsideration. The court explained that Bill's "provided no direct, binding authority requiring attorney's fees under the Arkansas Deceptive Trade Practices Act," and "provided no authority to support [its] position that the 'prevailing party' rule is trumped by the [Act]." Relying on *FMC Corp. v. Helton*, 202 S.W.3d 490 (Ark. 2005), and *Jim Ray, Inc. v. Williams*, 260 S.W.3d 307 (Ark. Ct. App. 2007), the court ruled that "neither the language of the [Act] nor subsequent case law mandate

-3-

attorney's fees for a successful [Arkansas Deceptive Trade Practices Act] claim."
Bill's Super Foods appeals.

## II.

This diversity case is governed by Arkansas law. We therefore apply decisions of the Arkansas Supreme Court construing Arkansas law, and we attempt to predict how that court would decide any state law questions that it has not yet resolved. *Curtis Lumber Co. v. La. Pac. Corp.*, 618 F.3d 762, 771 (8th Cir. 2010). We review the district court's award of attorney's fees, and the amount of that award, for abuse of discretion. *Warnock v. Archer*, 380 F.3d 1076, 1083 (8th Cir. 2004); *FMC Corp.*, 202 S.W.3d at 506.

### A.

Bill's argues that the district court abused its discretion in awarding $82,766.50 in attorney's fees to G&K. Bill's contends that the fee award was excessive in light of G&K's degree of success, but the district court expressly considered G&K's degree of success and reduced its requested award by $22,860 based on time devoted to unsuccessful causes of action. Given the district court's familiarity with the litigation, we will not second-guess the degree of the reduction.

Bill's next contends that the hourly rates claimed by G&K's Little Rock–based attorneys, which ranged from $150 to $260 per hour, are excessive for the market in Jonesboro, Arkansas, and should be reduced to a maximum of $225 per hour. The district court is presumed to be familiar with the local bar, *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001), and it may draw on its experience and knowledge of prevailing market rates. *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005). The court's order did not address specifically why it accepted G&K's proposed hourly rate, but the implicit finding is that the rate was reasonable for the area or that the

performance of the attorneys justified a higher rate. *See Miller v. Dugan*, No. 13-2653, 2014 WL 4099725, at *3–4 (8th Cir. Aug. 21, 2014); *Planned Parenthood, Sioux Falls Clinic v. Miller*, 70 F.3d 517, 519 (8th Cir. 1995). We see no abuse of discretion.

Bill's also complains that G&K's descriptions of time and activity were inadequate to justify the award, but the record includes invoices that detail the amount of time spent on this litigation and the activities on which that time was spent. The documentation was sufficient to support the district court's conclusion.

Bill's final contention is that the district court failed to consider the eight factors—known as the *Chrisco* factors—that Arkansas "courts should be guided by" in awarding attorney's fees. *Chrisco v. Sun Indus., Inc.*, 800 S.W.2d 717, 718–19 (Ark. 1990). Those eight factors are:

> (1) the experience and ability of counsel; (2) the time and labor required to perform the legal service properly; (3) the amount involved in the case and the results obtained; (4) the novelty and difficulty of the issues involved; (5) the fee customarily charged in the locality for similar services; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client or by the circumstances; and (8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

*S. Beach Beverage Co. v. Harris Brands, Inc.*, 138 S.W.3d 102, 108 (Ark. 2003) (internal quotation omitted). Although the district court did not expressly mention all eight factors, the court did address several: the time and labor required, the results obtained, and the novelty and difficulty of the issues involved. *Chrisco* recognized that "there is no fixed formula in determining the computation of attorney's fees," and we do not read its listing of "recognized factors" to require that a court must discuss each one in every case. 800 S.W.2d at 718. The court provided enough explanation

for us to evaluate the exercise of discretion, and there was no abuse of discretion for failing to enumerate other factors.

For these reasons, we reject Bill's challenge to the district court's award of $82,766.50 in attorney's fees to G&K Services.

B.

Bill's Super Foods also challenges the district court's refusal to award attorney's fees to Bill's under the Arkansas Deceptive Trade Practices Act. Bill's broadest argument is that an award is mandatory under the statute. The Act provides that "[a]ny person who suffers actual damage or injury as a result of an offense or violation as defined in this chapter has a cause of action to recover actual damages, if appropriate, and reasonable attorney's fees." Ark. Code § 4-88-113(f).

The statute thus provides for "a cause of action" to recover fees, but does not specify whether an award is mandatory or within the discretion of the court. By contrast, the preceding subsection—which governs enforcement proceedings brought by the state attorney general—states in mandatory language the attorney general "*shall* recover attorney's fees." *Id.* § 4-88-113(e) (emphasis added). The difference in language supports an inference that an award of fees to a private party under § 4-88-113(f) is not mandatory.

The best guidance from the Arkansas courts is to the same effect. In *FMC Corp.*, the Arkansas Supreme Court—considering an award of fees under the Act—said in *dicta* that "a trial court is not required to award attorney's fees," and that "[t]he decision to award attorney's fees and the amount to award are discretionary determinations." 202 S.W.3d at 506. The Arkansas Court of Appeals, in discussing a case involving the Act, later remarked that "[a]ttorney's fees were possible, but not mandatory." *Jim Ray*, 260 S.W.3d at 313; *see also Curtis Lumber Co. v. La. Pac.*

*Corp.*, No. 2:08-CV-00107, 2011 WL 3203722, at *1 (E.D. Ark. July 27, 2011) ("'The decision to award attorney's fees and the amount to award are discretionary determinations' to be made by the trial court.") (quoting *FMC Corp.*, 202 S.W.3d at 506). In light of these comments from the Arkansas courts and the absence of mandatory language in § 4-88-113(f), we agree with the district court that Bill's Super Foods was not automatically entitled to an award of fees when it prevailed on a claim under the Deceptive Trade Practices Act.

In evaluating the district court's exercise of discretion, however, we find little explanation for the district court's ruling. As best we can tell, the district court believed that the so-called prevailing party rule dictates that there can be only one prevailing party in the litigation, and only the prevailing party is entitled to attorney's fees. R. Docs. 230, 235. The court apparently concluded that because the Arkansas Deceptive Trade Practices Act does not "trump" the prevailing party rule, and because G&K was the prevailing party in the action, Bill's could not recover fees pursuant to § 4-88-113(f).

On this point, we take a different view. The prevailing party rule is a creature of statute. In a civil action in Arkansas to recover on a breach of contract, for example, "the prevailing party may be allowed a reasonable attorney's fee." Ark. Code § 16-22-308. When it comes to awarding fees under § 16-22-308, therefore, only the prevailing party may recover, and there can be only one prevailing party. *Marcum*, 40 S.W.3d at 235–37. But the Arkansas Deceptive Trade Practices Act establishes an independent basis for awarding fees, and § 4-88-113(f) does not restrict awards to a party that prevails in whatever larger litigation involves a claim under the Act. As we understand the statutes, a party who prevails on a cause of action to recover actual damages under the Arkansas Deceptive Trade Practices Act is eligible for an award of attorney's fees, in the discretion of the court, even when another party is the prevailing party in the overall action for purposes of § 16-22-308. *Cf. Thomas v. Olson*, 220 S.W.3d 627, 633 (Ark. 2005).

*      *      *

For the foregoing reasons, we affirm the district court's award of attorney's fees to G&K Services, but remand for the court to consider whether Bill's Super Foods should be awarded a reasonable attorney's fee pursuant to Arkansas Code § 4-88-113(f).

_____