# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 25-1868

———————————————

Just Funky, LLC

*Plaintiff - Appellant*

v.

Think 3 Fold, LLC

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

——————————

Submitted: December 17, 2025
Filed: March 13, 2026

——————————

Before GRUENDER, KELLY, and ERICKSON, Circuit Judges.

——————————

GRUENDER, Circuit Judge.

The district court[1] awarded Think 3 Fold, LLC ("Think 3 Fold") $154,277.50 in attorney's fees and $7.512.83 in attorney-related expenses under Arkansas's attorney's fees statute, Ark. Code Ann. § 16-22-308, after Think 3 Fold prevailed

———————————

[1]The Honorable Timothy L. Brooks, now Chief Judge, United States District Court for the Western District of Arkansas.

over Just Funky, LLC ("Just Funky") in a contract dispute. Just Funky appeals the award on the grounds that Think 3 Fold's motion for attorney's fees and expenses was untimely and that the district court awarded attorney's fees related to Think 3 Fold's successful breach of contract defense that are not recoverable under § 16-22-308. We affirm.

## I.      Background

Just Funky is an Ohio company that manufactures "fandom"-type merchandise, including plush toys. Think 3 Fold is an Arkansas toy company. In March 2022, Just Funky sued Think 3 Fold in the United States District Court for the Western District of Arkansas for breaching a loan agreement between the parties and later filed an amended complaint alleging that Think 3 Fold had breached a contract for the sale of 250,000 plush toys. Think 3 Fold denied Just Funky's allegations and filed counterclaims for breach of contract, conversion, and unjust enrichment based on allegations that Think 3 Fold had paid Just Funky $111,420 for 14,856 plush toys that remained undelivered. The district court dismissed Just Funky's claims concerning the loan agreement. Each party then moved for summary judgment on the other's claims relating to the plush toy agreements.

In April 2024, the district court granted summary judgment to Think 3 Fold on Just Funky's breach of contract claim on the basis that the parties never agreed to a contract for the sale of 250,000 plush toys. The court denied Just Funky's motion for summary judgment on Think 3 Fold's counterclaims because genuine issues of material fact existed concerning the smaller plush toy deal. One week later, the parties litigated Think 3 Fold's counterclaims in a one-day bench trial. In June 2024, the district court ruled in favor of Think 3 Fold on its breach of contract counterclaim, awarding $129,117.46 in damages and pre-judgment interest.

Just Funky appealed the district court's summary judgment and trial rulings. On June 27, 2024, while that appeal was pending, Think 3 Fold moved in the district court for an award of $317,083.50 in attorney's fees and expenses accumulated over

the entire case. Just Funky opposed the motion, in part, on the basis that any request for fees related to Think 3 Fold's successful breach of contract defense was untimely and not authorized by § 16-22-308. In March 2025, the district court rejected those arguments and awarded Think 3 Fold $154,277.50 in attorney's fees and $7,512.83 in attorney-related "out-of-pocket expenses."

In July 2025, we affirmed the district court's merits rulings. *Just Funky, LLC v. Think 3 Fold, LLC*, 142 F.4th 1022 (8th Cir. 2025). Just Funky now appeals the fee award, arguing that the district court abused its discretion in concluding that Think 3 Fold's fee motion was timely and that § 16-22-308 permitted the award of attorney's fees related to Think 3 Fold's successful breach of contract defense.[2]

## II.  Discussion

"We review the district court's award of attorney's fees, and the amount of that award, for an abuse of discretion." *G & K Servs. Co. v. Bill's Super Foods, Inc.*, 766 F.3d 797, 800 (8th Cir. 2014).

## A.

Just Funky argues that the district court abused its discretion in awarding attorney's fees and expenses because Think 3 Fold's fee motion was untimely under Rule 54.1(a) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Rule 54.1(a) provides that:

> In any case in which an attorney's fees are recoverable under the law applicable to that case, a motion for attorney's fees shall be filed with the Clerk, with proof of service, within fourteen (14) days after the entry of judgment or an order of dismissal under circumstances permitting the allowance of attorney's fees . . . . A

---

[2]Just Funky also sought reversal of the fee award in the event we reversed the district court on the merits. Because we affirmed the district court's merits rulings, we need not consider this argument.

-3-

> failure to present a timely petition for an award of attorney's fees may be considered by the Court to be a waiver of any claim for attorney's fees.

Just Funky contends that Think 3 Fold missed the fourteen-day deadline to seek attorney's fees and expenses related to its successful breach of contract defense because it won summary judgment on that issue in April 2024 but did not move for related fees and expenses until June 2024. In other words, Just Funky asserts that Rule 54.1(a) requires a prevailing party to move for attorney's fees and expenses related to a particular claim within fourteen days of a dispositive order on that claim, regardless of whether other claims in the case are yet to be resolved.

The district court rejected that proposition. On appeal, Just Funky supplies no relevant authority in support of it, relying instead on two cases concerning prevailing parties that failed to make timely motions for attorney's fees after final judgments that disposed of all outstanding claims. *See Wendt v. Fayetteville Sch. Dist. No. 1 of Washington Cnty.*, No. 5:20-CV-5150 (W.D. Ark. Feb. 26, 2021); *Seratt v. Seratt*, No. 07-5210, 2010 WL 749633, at \*1 (W.D. Ark. Mar. 3, 2010). Therefore, we see no basis for adopting Just Funky's claim-specific application of Rule 54.1(a)'s fourteen-day deadline. Even assuming otherwise, the district court's consideration of Think 3 Fold's motion would not have constituted an abuse of discretion. *See Chrysler Credit Corp. v. Cathey*, 977 F.2d 447, 449 (8th Cir. 1992) (holding district court's consideration of untimely motion for attorney's fees was not an abuse of discretion as "application of local rules is a matter peculiarly within the district court's province").

## B.

Just Funky also contends that the district court abused its discretion by awarding Think 3 Fold attorney's fees that are not recoverable under § 16-22-308. Specifically, Just Funky argues that the Arkansas Supreme Court has held that § 16-22-308 does not authorize the recovery of attorney's fees for defeating a breach of contract claim on the basis that no contract existed between the parties. *See*

-4-

*Anderson's Taekwondo Ctr. Camp Positive, Inc. v. Landers Auto Grp. No. 1, Inc.*, 2015 Ark. 268, at 10 (2015); *see also Curtis Lumber Co. v. La. Pac. Corp.*, 618 F.3d 762, 771 (8th Cir. 2010) ("We are bound by decisions of the Arkansas Supreme Court as to the meaning of Arkansas law."). Because the district court awarded Think 3 Fold fees related to its "no contract" defense, Just Funky asserts that *Anderson's Taekwondo* requires that we vacate the award and remand for recalculation.[3]

We disagree. Section 16-22-308 provides that a "prevailing party may be allowed a reasonable attorney's fee" in "any civil action to recover on . . . breach of contract . . . ." The Arkansas Supreme Court has held that the statute authorizes the award of fees to "a successful defendant in a contract action." *See Perry v. Baptist Health*, 243 S.W.3d 310, 313 (Ark. 2006). Accordingly, the Arkansas Court of Appeals has affirmed that § 16-22-308 authorizes "an award of attorney's fees to a party who successfully defends against a contract claim, *even on the basis that no valid contract exists*." *See Belk v. Teague*, No. CA07-1336, 2008 WL 2308911, at *3 (Ark. Ct. App. June 4, 2008) (*citing Cumberland Fin. Grp., Ltd. v. Brown Chem. Co.,* 810 S.W.2d 49 (Ark. 1991)) (emphasis added).

Just Funky's assertion that the Arkansas Supreme Court overruled this line of precedent in *Anderson's Taekwondo* is not persuasive. In that case, the Arkansas Supreme Court affirmed the denial of a fee award for a plaintiff that had obtained summary judgment on an unlawful detainer claim—for which § 16-22-308 does not authorize fees—as well as defendant's five counterclaims, including one for breach of contract. *See Anderson's Taekwondo Ctr. Camp Positive, Inc.*, 2015 Ark. 268,

---

[3]In its fee award order, the district court suggests that Think 3 Fold did not defeat Just Funky's contract claim on the basis that no contract existed between parties. We held otherwise. *Just Funky, LLC*, 142 F.4th at 1028 (affirming grant of summary judgment to Think 3 Fold on breach of contract claim because "the undisputed evidence shows that no contract was formed" as "the parties did not reach a 'meeting of the minds' on the price term," and "Just Funky never accepted Think 3 Fold's offer.").

-5-

at 4-5, 10. In that narrow context, it held that § 16-22-308 did not authorize plaintiff's recovery of fees "[b]ecause there was no contract between the parties." *Id.* at 10. Just Funky fails to explain why we should interpret the Arkansas Supreme Court's rejection of fees in a case that was not based on a contract dispute as announcing a new limitation on fee awards in breach of contract actions. Because we cannot reconcile Just Funky's interpretation with the Arkansas Supreme Court's guidance that it "do[es] not lightly overrule cases" and maintains a "strong presumption in favor of the validity of prior decisions," *see Thomas v. State*, 257 S.W.3d 92, 99 (Ark. 2007), we will not adopt it here. Therefore, the district court did not abuse its discretion in awarding Think 3 Fold attorney's fees under § 16-22-308 related to its successful "no contract" defense at summary judgment.

## III.  Conclusion

Accordingly, we affirm the judgment of the district court.

_____

-6-