136 F.3d 313
 39 Fed.R.Serv.3d 1393
 Cliff GREENE, Plaintiff-Appellant,
v.
WCI HOLDINGS CORPORATION; WCI Holdings II Corporation;
J.R. Birle, Co-Chairman; R.B. McKeon,
Co-Chairman; S.A. Schwartzman,
President and CEO, Defendants-Appellees.
 Docket No. 97-7311.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 30, 1998.
Decided Feb. 6, 1998.
 
 Cliff Greene, Brooklyn, NY, pro se.
 Caroline S. Press, Solomon, Zauderer, Ellenhorn, Frischer & Sharp, New York City (Louis M. Solomon, of counsel), for Defendants-Appellees.
 Before: CALABRESI, CABRANES and HEANEY,* Circuit Judges.
 PER CURIAM.
 
 I. Facts and Procedural History
 
 1
 Cliff Greene, pro se, appeals from a judgment of the United States District Court for the Southern District of New York (David N. Edelstein, Judge) dismissing his complaint both for failure to state a claim upon which relief could be granted, and for lack of subject matter jurisdiction.
 
 
 2
 Greene filed a complaint in January 1992, alleging violations of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b); the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq.; 42 U.S.C. §§ 1981 and 1983; and the United States Constitution. Greene named as defendants WCI Holdings Corporation, WCI Holdings II Corporation, and some of the officers of these corporations--J.R. Birle, R.B. McKeon, and S.A. Schwartzman. Greene alleged that, as the result of the defendants' actions in violation of the above laws, certain warrants Greene held in Wickes Companies, Inc. lost value when Wickes was acquired by WCI Holdings.
 
 
 3
 In February 1992, Greene and counsel for the defendants entered into a stipulation extending the time for the defendants to answer the complaint until April 2, 1992. The stipulation was memo-endorsed "so ordered" by the district court. On April 3, 1992, defendants filed with the court a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). The motion was dated April 2, 1992, and an affidavit of service was attached declaring that it had been served on the plaintiff by placing it in a mailbox on April 2, 1992 at 5:30 p.m. Greene received a copy of the motion to dismiss in the mail on April 4, 1992. The envelope was postmarked April 3, 1992.
 
 
 4
 On April 8, 1992, Greene moved for a default judgment, alleging that defendants' motion to dismiss was untimely since it had been submitted on April 3, 1992 (the day it was postmarked). On April 21, 1992, Magistrate Judge Buchwald filed a memorandum and order denying Greene's motion for default. The magistrate judge reasoned that under Federal Rule of Civil Procedure 5(b), service was accomplished when the motion to dismiss was mailed on April 2. Greene objected to the report in timely fashion, and Judge Edelstein denied his objections by order dated May 28, 1992.
 
 
 5
 Meanwhile, Greene had submitted a memorandum of law opposing defendants' motion to dismiss the complaint. On July 8, 1992, Magistrate Judge Buchwald recommended that the motion to dismiss the complaint be granted. Greene filed timely objections to the report and recommendation. The case lay dormant until the district court accepted the report and recommendation and granted the motion to dismiss. Judgment was entered on February 28, 1997, and Greene appealed.
 
 II. Discussion
 
 6
 On appeal, Greene argues a) that the district court erred in holding that the motion had been served when the defendants' claim was placed in the mailbox on April 2 rather than when it was postmarked on April 3; and b) that the district court should not have dismissed his complaint on the papers without conducting an oral hearing. We find no error in the district court's holding and, therefore, affirm.
 
 A. Service by Mail
 
 7
 Federal Rule of Civil Procedure 5(b) plainly provides that "[s]ervice by mail is complete upon mailing." The question is what constitutes a "mailing"--is it the placing of an envelope in a mail box or the postmarking of it by postal service employees? Although the Second Circuit has not addressed this precise issue, there is nothing in Rule 5(b) or our case law to indicate that the date of postmark, or the date of receipt, rather than the date of placing it in the mail controls. See, e.g., United States v. White, 980 F.2d 836, 840 n. 8 (2d Cir.1992) (service effected when papers were mailed regardless of when they were received).
 
 
 8
 The First Circuit addressed the issue of what constitutes service by mail in Rivera v. M/T Fossarina, 840 F.2d 152 (1st Cir.1988), and held that "[f]or service by mail to be valid under Rule 5(b) the pleading or document has to be 'placed in an envelope addressed to ... the opposing attorney ... and deposited in a United States Post office or post office box.' " Id. at 155 (quoting 4A Charles Allan Wright & Arthur R. Miller, Federal Practice and Procedure § 1148, at 432-33 (2d ed.1987)). Similarly, the D.C. Circuit has held that, under Rule 5(b), " '[s]ervice is deemed complete at the instant the documents are placed into the hands of the United States Post Office or a Post Office Box.' " United States v. Kennedy, 133 F.3d 53, 59 (D.C.Cir.1998) (quoting 1 James Wm. Moore, et al., Moore's Federal Practice § 5.04[a][ii], at 5-28 (3d ed.1997)). We think this is the sensible rule, and, hence, hold that service under Rule 5(b) is accomplished when the envelope is deposited at a post office or in a mail box.
 
 
 9
 Greene further argues that, apart from the legal issue of when "mailing" is complete, the defendants' factual allegation that they placed the envelope in the mailbox on April 2, 1992, is false. The magistrate judge and district court considered and rejected this argument, and their decision to believe the defendants' affidavit (which stated that the envelope had been placed in the mailbox on April 2) was not clearly erroneous. Accordingly, Greene's motion for default judgment was properly denied.
 
 B. Failure to Conduct Oral Hearing
 
 10
 Greene argues that the district court should have held an oral hearing before dismissing his complaint. He contends that an oral hearing is required by the Due Process Clause of the United States Constitution and by Federal Rule of Civil Procedure 56. Rule 56 is not relevant, however, because his complaint was dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). And we do not believe that Rule 12(d), which provides that defenses shall be "heard and determined before trial," confers a right to an oral hearing before dismissal. As we noted over thirty years ago, "[m]otions may be decided wholly on the papers, and usually are." World Brilliance Corp. v. Bethlehem Steel Co., 342 F.2d 362, 366 (2d Cir.1965).
 
 
 11
 Every circuit to consider the issue has determined that the "hearing" requirements of Rule 12 and Rule 56 do not mean that an oral hearing is necessary, but only require that a party be given the opportunity to present its views to the court. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 910, 110 S.Ct. 3177, 3200, 111 L.Ed.2d 695 (1990) (Blackmun, J., dissenting) (noting that "[t]he Courts of Appeals consistently have recognized ... that Rule 56 does not necessarily contemplate an oral hearing") (internal quotation marks and citation omitted); see, e.g., Cray Communications, Inc. v. Novatel Computer Sys., 33 F.3d 390, 396 (4th Cir.1994) (oral hearing on summary judgment at discretion of trial court); Chrysler Credit Corp. v. Cathey, 977 F.2d 447, 449 (8th Cir.1992) ("hearing" on summary judgment motion may consist of written rather than oral argument); Arrieta-Gimenez v. Arrieta-Negron, 859 F.2d 1033, 1042 (1st Cir.1988) (same); Geear v. Boulder Community Hosp., 844 F.2d 764, 766 (10th Cir.1988) (same); Moore v. Florida, 703 F.2d 516, 519 (11th Cir.1983) (same); Allied Chem. Corp. v. Mackay, 695 F.2d 854, 856 (5th Cir.1983) (per curiam) (same); Dougherty v. Harper's Magazine Co., 537 F.2d 758, 761 (3d Cir.1976) (plaintiff must be given opportunity to be heard, either orally or in writing, prior to Rule 12(b)(6) dismissal); Dayco Corp. v. Goodyear Tire & Rubber Co., 523 F.2d 389, 391 (6th Cir.1975) (Federal Rules do not require oral hearing on motion to dismiss).
 
 
 12
 Similarly, we find no merit in Greene's claim that a dismissal of a complaint without an oral hearing violates due process. The Supreme Court has held that "the right of oral argument as a matter of procedural due process varies from case to case in accordance with differing circumstances, as do other procedural regulations." Federal Communications Comm'n v. WJR, The Goodwill Station, Inc., 337 U.S. 265, 276, 69 S.Ct. 1097, 1103, 93 L.Ed. 1353 (1949). And the circuit courts that have addressed the question of whether an oral hearing is required on motions to dismiss in civil cases have uniformly held that no oral hearing is required by the Due Process Clause. See, e.g., United States v. One 1974 Porsche 911-S, 682 F.2d 283, 286 (1st Cir.1982) ("There is no constitutional right to oral argument on a summary judgment motion."); Dayco, 523 F.2d at 391 (denial of an oral hearing before granting a motion to dismiss does not violate "fundamental notions of fairness and due process of law"); Spark v. Catholic Univ., 510 F.2d 1277, 1280 (D.C.Cir.1975) ("due process does not include the right to oral argument on a motion"); Dredge Corp. v. Penny, 338 F.2d 456, 464 n. 14 (9th Cir.1964) ("The opportunity to be heard orally on questions of law is not an inherent element of procedural due process, even where substantial questions of law are involved.").
 
 
 13
 We note that Greene has not shown that he was denied the right to be heard and or the opportunity to present his case in a meaningful way. He filed extensive written arguments with the district court, which allowed him to address the specific issues of law with which the district court was concerned. Under the circumstances, we hold that the decision whether or not to hold an oral hearing on a motion to dismiss lies in the sound discretion of the trial court. And the district court did not abuse its discretion in denying oral argument in the case before us.
 
 
 14
 * * *
 
 
 15
 Having considered all of Greene's arguments and found them to be without merit, we affirm the judgment of the district court.
 
 
 
 *
 The Honorable Gerald W. Heaney, Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation