**Karen C. OLDRATI, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

**No. CIV. A. 96–CV–8425.**

United States District Court, E.D. Pennsylvania.

Dec. 7, 1998.

Thomas D. Sutton, Langhorne, PA, Karen C. Oldrati, Philadelphia, PA, pro se, for Plaintiff.

Patricia M. Smith, Office of General Counsel for Social Security, James A. Winn, Social Security Administration, Office of General Counsel, Philadelphia, PA, for Defendant.

### *MEMORANDUM*

KAUFFMAN, District Judge.

This social security case is before the Court for consideration of the Magistrate Judge's Report and Recommendation dated July 29, 1998 (doc. # 33). Having reviewed the Report and the objections filed by the parties, the Court has determined that the Recommendation shall be approved and adopted.

### I. PROCEDURAL HISTORY

In 1993, Plaintiff, Karen Oldrati, applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401–433, 1381–1383(c), respectively. After the Social Security Administration determined that Oldrati was not entitled to DIB or SSI, she requested a hearing by an Administrative Law Judge ("ALJ"), which she received on August 17, 1995. In a decision dated November 1, 1995, the ALJ held that Oldrati is ineligible for DIB and SSI because despite "a severe impairment, [she] retains the residual functional capacity to return to the work she performed in the past." (Tr. at 11.)

Oldrati then filed this action pursuant to 42 U.S.C. § 405(g), which grants federal courts the power to review a final decision of the Commissioner of Social Security (the "Commissioner") regarding an individual's entitlement to disability benefits. The parties filed cross-motions for summary judgment. The Court designated the Honorable Jacob P. Hart, United States Magistrate Judge, to submit recommendations for the disposition of the motions. *See* 28 U.S.C. § 636(b)(1)(B).

Magistrate Judge Hart reviewed the record, considered the parties' arguments, and on July 29, 1998, submitted a Recommendation that the case be remanded back to the Commissioner for further consideration because "the ALJ failed to properly consider the medical evidence of Oldrati's anxiety disorder and depression, their symptoms, and their effect on her ability to perform her past relevant work as a cashier." (Magis. Rep. at 4.) Oldrati objects to the Recommendation, arguing that remand is unnecessary because "[t]he record already amply demonstrates that Ms. Oldrati lacks the mental functional capacity to return to work, whether at her previous jobs or elsewhere." (Pl.'s Objections at 3.) The Commissioner also objects to the Recommendation, arguing that "[t]he evidence cited to by the Magistrate Judge has absolutely no bearing on the ultimate outcome of this matter." (Def.'s Br. in Resp. to Pl.'s Objections at 8.)

## II. FACTUAL BACKGROUND

Oldrati was born on November 9, 1966; she was twenty-six years old when she submitted her applications for DIB and SSI. She has a learning disability and attended school only through the sixth grade. Oldrati last was gainfully employed in 1989, during which she worked in clothing stores operating the cash register and putting merchandise on hangers. During 1985 and 1986, Oldrati prepared and served food in a hospital cafeteria. She testified that she stopped working because of a difficult pregnancy and that she was unable to return to work after giving birth. Her alleged impairments include problems with her knees, an anxiety disorder, depression, and borderline intellectual functioning.

## III. APPLICABLE LAW

The Social Security Administration administers two programs that provide disability benefits. The Social Security Disability Insurance Program, 42 U.S.C. § 401 *et seq.*, provides DIB to disabled people who have made contributions to the program. The Supplemental Security Income Program, 42 U.S.C. § 1381 *et seq.*, provides SSI to disabled people who are indigent. The statutes that establish DIB and SSI define "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ...." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). For purposes of these statutes, an individual is unable "to engage in any substantial gainful activity" and therefore "disabled"

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, .... '[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

## IV. DISCUSSION

### A. Oldrati's Objection

The Magistrate Judge reports that the ALJ erred by failing to consider properly the nature and effect of Oldrati's diagnosed mental impairments; he therefore recommends that this case be remanded for further consideration. Oldrati objects to the Recommendation, contending that further fact finding is unnecessary because the present record establishes that her impairments preclude her from performing "any ... kind of substantial gainful work which exists in the national economy," 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Although 42 U.S.C. § 405(g) empowers the district court to affirm, modify, or

reverse a final decision of the Commissioner, the provision does not authorize the district court to make its own findings· of fact. *Grant v. Shalala*, 989 F.2d 1332, 1338 (3d Cir.1993). This Court's review of the Commissioner's decision therefore is limited to determining whether the record includes substantial evidence supporting the ALJ's conclusion that Oldrati's impairments do not preclude her from performing her previous work. *See* 42 U.S.C. § 405(g); *Grant*, 989 F.2d at 1338. Implicit in Oldrati's objection to the Magistrate Judge's Recommendation is the contention that this Court should weigh the evidence and make its own findings of fact. This contention misapprehends the scope of this Court's review. Accordingly, Oldrati's objection is overruled.

### B. The Commissioner's Objection

The Commissioner has not filed a formal objection. Copies of the Magistrate Judge's Report and Recommendation were sent to the parties on July 31, 1998. Pursuant to 636(b)(1)(C), the parties had ten days to file written objections to the Report and Recommendation. The ten-day period for filing objections ended on August 14, 1998. As of that date, the Commissioner had not filed any objections to the Report and Recommendation; nor had he moved for an extension of the ten-day time period for filing objections. *See* Fed.R.Civ.P. 6(b). On September 3, 1998, however, the Commissioner filed a "Brief in Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation," in which he "respectfully requests this Court to … affirm the decision of the A.L.J. that denied Ms. Oldrati's claim." (Def.'s Br. in Resp. to Pl.'s Objections at 3.)

The Federal Magistrates Act provides that "[w]ithin ten days after being served with a copy" of a magistrate judge's proposed findings and recommendations, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(C). The Act is silent regarding the consequences of a party's failure to file written objections to a magistrate judge's report and recommendation within ten days, but the Third Circuit has determined that

such a failure may result in the loss of the right to *de novo* review in the district court. *See Henderson v. Carlson*, 812 F.2d 874 (3d Cir.1987).

■ In the absence of a timely objection, therefore, this Court will review Magistrate Judge Hart's Report and Recommendation for "clear error." *See Greene v. WCI Holdings Corp.*, 956 F.Supp. 509, 514 (S.D.N.Y. 1997), *aff'd*, 136 F.3d 313 (2d Cir.1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 448, 142 L.Ed.2d 402 (1998); *see also* Fed.R.Civ.P. 72(b) advisory committee's note (1983) ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the [magistrate judge's] recommendation."); *cf. Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir.1996)(holding that failure to object timely to a magistrate judge's report and recommendation bars a party from attacking the proposed factual findings and legal conclusions on appeal except upon grounds of plain error).

The Commissioner contends that the Magistrate Judge erred by confusing evidence of mental illness diagnoses with evidence of disability. Contrary to the Commissioner's contention, however, the Magistrate Judge's report does not imply that the ALJ's disability inquiry should end upon finding a diagnosis of mental illness; rather the report states that "the ALJ failed to address the *effect* [of] plaintiff's diagnosed mental impairments, depression, an anxiety disorder, and borderline personality disorder, … on her ability to return to her former work." (Magis. Rep. at 6, emphasis added.)

■ Though he does not explicitly concede that the ALJ's decision failed to discuss Oldrati's diagnosed mental illnesses, the Commissioner recognizes that "the ALJ must give some explanation of evidence he rejects." (Def.'s Br. in Resp. to Pl.'s Objections at 8.) He contends, however, such an explanation is necessary only when that evidence has "some *material* bearing on the outcome of the case, [and, in this case,] [t]he evidence cited to by the Magistrate Judge has absolutely no bearing on the ultimate outcome of this matter." (*Id.*) The Court has

reviewed the Report and Recommendation, and finds that the evidence cited by Magistrate Judge Hart is highly relevant and probative, and should have been considered by the ALJ before she made a determination regarding Oldrati's disability status. Accordingly, the Commissioner's untimely objection is overruled.

An appropriate Order accompanies this Memorandum.

### ORDER

**AND NOW**, this 7th day of December, 1998, for the reasons stated in the Memorandum filed herewith, it is **ORDERED** that:

1. The Report and Recommendation of United States Magistrate Judge Jacob P. Hart is **APPROVED** and **ADOPTED.**

2. Plaintiff's Motion for Summary Judgement is **GRANTED IN PART AND DENIED IN PART.**

3. Defendant's Motion for Summary Judgment is **DENIED.**

4. This case is **REMANDED** to the Commissioner of Social Security for further proceedings consistent with the Report and Recommendation of Magistrate Judge Hart.