Thomas S. HAMMER, Plaintiff–Appellant,

v.

Ann MALAVET, Carl D. Copps, Esq., David Gannon, and David Donohue, Defendants–Appellees.

No. 01–7210.

United States Court of Appeals, Second Circuit.

Nov. 19, 2001.

Thomas S. Hammer, Garden City, NY, for appellant.

Carol Fischer, Assistant Solicitor General; Eliot Spitzer, Attorney General, Mark Gimpel, Deputy Solicitor General, on the brief, New York, NY, for appellee.

Present POOLER, KATZMANN, Circuit Judges, HURD, District Judge.*

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the or-

---

* The Honorable David N. Hurd, United States District Court Judge for the Northern District of New York, sitting by designation.

der of said District Court be and it hereby is AFFIRMED.

Plaintiff-appellant Thomas S. Hammer, *pro se,* appeals the district court's January 11, 2001 Order, pursuant to Fed.R.Civ.P. 12(b)(1) and (b)(6), dismissing Hammer's 42 U.S.C. § 1983 complaint. Hammer's § 1983 complaint, filed in July 2000, alleges that various employees of the New York State Workers' Compensation Board (the "Board"), violated his Fourteenth Amendment rights to due process and equal protection, the Freedom of Information Act ("FOIA"), 5 U .S.C. § 552, and the New York Freedom of Information Law ("FOIL"), N.Y. Pub. Off. Law §§ 84–90. On appeal, Hammer argues that the district court violated his due process rights by dismissing his complaint without a hearing and raises two new arguments: first, that defendant Malavet and her attorney Ralph Pernick have a conflict of interest; and second, that the district court erred in considering hearsay evidence.

Hammer's complaint related to a Board proceeding addressing his wife's claim for workers' compensation. According to Hammer, who was obviously not a party to his wife's claim before the Board, the Board held a hearing addressing his wife's claim, and during this proceeding, a discussion took place while defense counsel, that is, counsel for the employer, was not present. After that hearing, Hammer ordered the transcripts of the hearing, specifically requesting transcripts of the time during which counsel was absent. Hammer received transcripts from the Board, which he alleges are "bogus" because they do not contain the conversations that occurred in the absence of counsel. It is defendants' position that the transcript is a legitimate and complete record of what the Board has and that any discussion occurring outside the presence of counsel would have been off the record and therefore not transcribed.

We review *de novo* a district court's dismissal of a complaint pursuant to Fed. R.Civ.P. 12(b)(1) and (b)(6). *See McHugh v. Rubin,* 220 F.3d 53, 57 (2d Cir.2000). Accepting all of appellant's factual allegations as true and drawing all reasonable inferences in his favor, Hammer "fail[s] to state a claim upon which relief can be granted" and fails to show that this Court has subject matter jurisdiction over one of his claims. Fed.R.Civ.P. 12(b)(1), (6). First, Hammer had no due process right to an oral hearing in district court before the court dismissed his complaint. *See Greene v. WCI Holdings Corp.,* 136 F.3d 313, 316 (2d Cir.1998) (per curiam) (noting that "no oral hearing is required by the Due Process Clause"). Second, Hammer cannot raise new issues for the first time on appeal. *See Singleton v. Wulff,* 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 527 (2d Cir.1990) ("We generally will not consider claims that were not presented in the lower court."). Regardless, these issues are without merit. Hammer's allegation of a conflict of interest is unfounded and without any support in the record. Furthermore, Hammer does not point to, and we did not discover, any hearsay evidence that the district court improperly considered below.

Although Hammer's brief does not address the underlying merits of his Fourteenth Amendment, FOIA, and FOIL claims and we may, therefore, consider

them abandoned, *see LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995), we note that they are all without merit. The transcripts he requested are exempt from mandatory disclosure under FOIL because they are confidential. *See* N.Y. Workers Comp. Law § 110–a(2)(c). This Court does not have jurisdiction to decide if New York State violated FOIA. Finally, Hammer has not shown that the Board acted with discriminatory intent or that it treated Hammer differently than similarly situated individuals. We find all of the appellant's remaining arguments to be without merit.