**Richard E. STONE, Plaintiff–Appellant,**

v.

**The NEW YORK PUBLIC LIBRARY, Defendant–Appellee.**

No. 08–2681–cv.

United States Court of Appeals, Second Circuit.

Oct. 14, 2009.

Richard E. Stone, New York, NY, pro se.

Nancy J. Mertzel, Gibbons, P.C., New York, NY, for Appellee.

PRESENT: ROBERT D. SACK, DEBRA ANN LIVINGSTON and GERARD E. LYNCH, Circuit Judges.

### SUMMARY ORDER

Appellant Richard E. Stone, *pro se*, appeals from the order of the United States District Court for the Southern District of New York (Cote, *J.*), granting summary judgment in favor of Appellee New York Public Library in Appellant's racial discrimination action brought under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

■ We review an order granting summary judgment *de novo*, determining whether there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). Having conducted an independent examination of the record, we conclude, for substantially the reasons stated by the district court, that Appellant failed to meet his burden of demonstrating that he was denied services based upon his race. *See Lizardo v. Denny's, Inc.*, 270 F.3d 94, 106 (2d Cir.2001).

■ We additionally find Appellant's claim of error regarding the district court's management of discovery to be unavailing. The record demonstrates that the magistrate judge was well within his discretion to limit discovery in light of the length of time that the action had been pending and the granting of two previous extensions. *See Hollander v. Am. Cyanamid Co.*, 895 F.2d 80, 84 (2d Cir.1990) ("[A]n appellate court ordinarily will not disturb a district court's ruling on a discovery request absent an abuse of discretion."). Furthermore, the record does not support Appellant's claims of discovery abuses and bad faith by counsel for Appellee. Even were it to support those claims, Appellant cannot move for Rule 11 sanc-tions in this Court, and he did not file such a motion in the court below. *See Barr Labs., Inc. v. Abbott Labs.*, 867 F.2d 743, 748 (2d Cir.1989), *overruled on other grounds by Cooter & Gell v. Hartmarx*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). Finally, the district court was not required to hold a hearing on the summary judgment motion and did not abuse its discretion in choosing not to do so. *See Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir.1998).

We have carefully considered Appellant's remaining claims and find them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**