10-1345-cv
Chylinski v. Bank of America, N.A.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of October, two thousand eleven.

PRESENT:
JOSEPH M. McLAUGHLIN,
JOSÉ A. CABRANES,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

_____

Richard A. Chylinski,

     *Plaintiff-Appellant,*

     v.                      10-1345-cv

Bank of America, N.A.,

     *Defendant-Appellee.*

_____

**FOR APPELLANT:**       Richard A. Chylinski, *pro se*, New Britain, CT.

**FOR APPELLEES:**       John G. Stretton, Edwards Angell Palmer & Dodge LLP, Stamford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*; Holly B. Fitzsimmons, *Magistrate Judge*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Richard A. Chylinski, *pro se*, appeals from the judgment of the District Court granting summary judgment in favor of defendant-appellee Bank of America, N.A. ("BOA") adopting the Magistrate Judge's Report & Recommendation ("R & R") on his claim against BOA for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment *de novo* and ask whether a district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Following *de novo* review of the record, we affirm the order of the District Court. Chylinski failed to file a timely objection to the Magistrate Judge's R & R and thus waived appellate review of that report. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."). Regardless, Chylinski fails to articulate specific challenges to the R & R or the summary judgment order in his appeal. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (noting that "we need not manufacture claims of error for an appellant proceeding *pro se*" and holding that issues not raised in a *pro se* brief were abandoned).

Furthermore, the District Court did not abuse its discretion in declining to hold a hearing on the summary judgment motion. Parties are not automatically entitled to a oral hearing on summary judgment matters. *See* Fed. R.. Civ. P. 56; *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir. 1998) (per curiam) (holding that there is no due process right to a hearing on summary judgment). Rather, the decision whether to permit oral argument rests within the court's discretion. *AD/SAT, Div. of Skylight, Inc. v. Assoc. Press*, 181 F.3d 216, 226 (2d Cir. 1999) (per curiam).

## **CONCLUSION**

We have considered Chylinski's other arguments on appeal and have found them to be without merit.  Accordingly, the judgment of the District Court is hereby **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk