Skalafuris v. City of N.Y., Dep't of Corr.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of November, two thousand eleven.

PRESENT: DENNIS JACOBS,
               <u>Chief Judge</u>,
      RICHARD C. WESLEY,
               <u>Circuit Judge</u>,
      RICHARD J. SULLIVAN,[*]
               <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - -X
DR. ANGELO J. SKALAFURIS, P.E.,

     <u>Plaintiff-Appellant</u>,

     -v.-                          10-4603

CITY OF NEW YORK, DEPARTMENT OF CORRECTION,

     <u>Defendant-Appellee</u>.
- - - - - - - - - - - - - - - - - - - -X

---

[*] The Honorable Richard J. Sullivan, of the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR APPELLANT:**     Dr. Angelo J. Skalafuris, <u>pro</u> <u>se</u>, Mount Vernon, NY.

**FOR APPELLEE:**     Larry Sonnenshein and Andrew S. Wellin, *for* Michael A. Cardozo, Corporation Counsel of the City of New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Scheindlin, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Dr. Angelo J. Skalafuris, <u>pro</u> <u>se</u>, appeals from the district court's grant of summary judgment in favor of Appellee City of New York, Department of Corrections ("DOC"). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review the district court's grant of summary judgment <u>de</u> <u>novo</u> and conclude that Skalafuris's arguments on appeal are without merit substantially for the reasons articulated by the district court. <u>See</u> <u>Skalafuris v. City of New York, Dep't of Corr.</u>, 09-cv-5165, 2010 WL 4273286 (S.D.N.Y. Oct. 28, 2010).

Pursuant to New York State Human Rights Law ("NYHRL"), N.Y. Exec. Law § 297(9) (McKinney 2010), and New York City Human Rights Law ("CHRL"), N.Y.C. Admin. Code § 8-502(a), Skalafuris's state and city claims were barred. <u>See</u> <u>York v. Ass'n of Bar of City of New York</u>, 286 F.3d 122, 127 (2d Cir. 2002) ("[B]y the terms of the statute and code, respectively, the NYHRL and CHRL claims, once brought before the [New York State Department of Human Rights], may not be brought again as a plenary action in another court."). Contrary to Skalafuris's arguments concerning these election-of-remedies limitations, a federal district court must apply a state's substantive law in adjudicating a state law claim. <u>See</u> <u>McGullam v. Cedar Graphics, Inc.</u>, 609 F.3d 70, 74 n.3 (2d Cir. 2010) ("[A] state law depriving its courts of jurisdiction over a state law claim also operates to divest a federal court of jurisdiction to decide the

2

claim." (quoting <u>Moodie v. Fed. Reserve Bank of N.Y.</u>, 58 F.3d 879, 884 (2d Cir. 1995))).

Skalafuris contends that the district court usurped the jury's role as trier of fact.  However, there were no genuine issues of material fact to be tried.  <u>See</u> <u>Abdu-Brisson v. Delta Air Lines, Inc.</u>, 239 F.3d 456, 466 (2d Cir. 2001) ("It is now beyond cavil that summary judgment may be appropriate even in the fact-intensive context of discrimination cases.").  The DOC concedes that Skalafuris is a member of a protected class, was qualified for the position to which he applied, and suffered an adverse employment action; the only dispute is whether the circumstances surrounding that action give rise to an inference of age discrimination.[2]  They do not.

Skalafuris contends that the DOC violated various civil service rules, but fails to demonstrate any connection between these alleged violations and his allegations of age discrimination.

Skalafuris did not raise the issue of the hired candidate's age to the district court.  <u>See</u> <u>Brennan v. Metro. Opera Ass'n, Inc.</u>, 192 F.3d 310, 317 (2d Cir. 1999) (leaving open the question of whether an age differential is sufficient to establish a prima facie case of age discrimination).  His contention, raised for the first time on appeal, that the chosen candidate was forty-four--Skalafuris was seventy-six--is unsupported by any reference to the record.

Skalafuris argues that his credentials are far superior to those of the candidate hired.  <u>See</u> <u>Byrnie v. Town of Cromwell, Bd. of Educ.</u>, 243 F.3d 93, 103 (2d Cir. 2001) ("When a plaintiff seeks to prevent summary judgment on the strength of a discrepancy in qualifications ignored by an employer . . . the plaintiff's credentials would have to be so superior . . . that 'no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.'") (citations omitted).  Notwithstanding the impressive features of Skalafuris's resume, it is not at all

---

[2]  <u>See</u> <u>Abdu-Brisson</u>, 239 F.3d at 466 (enumerating the elements of a prima facie case under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 <u>et seq.</u>).

3

clear that he was more qualified for the position to which he applied--which required supervisory experience in construction--than the candidate hired, a former construction supervisor.

The district court's decision not to permit oral argument was well within its discretion. See AD/SAT, Div. of Skylight, Inc. v. Associated Press, 181 F.3d 216, 226 (2d Cir. 1999). There is no constitutional right to oral argument at summary judgment. See Green v. WCI Holdings Corp., 136 F.3d 313, 316 (2d Cir. 1998) (per curiam) ("Every circuit to consider the issue has determined that the 'hearing' requirements of Rule 12 and Rule 56 do not mean that an oral hearing is necessary, but only require that a party be given the opportunity to present its views to the court.").

Finding no merit in Skalafuris's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK