[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10331
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cv-02502-JDW-EAJ

CHARLES JOSEPH KOHLER,

                                        Plaintiff - Appellant,

versus

MARIAN GARLETS,
MARGERY L. BAKER REVOCABLE TRUST,
dated February 6, 2009, et al.,
DAVID C. GILMORE,
MARK A. SPENCE,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 22, 2014)

Before PRYOR, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Charles Kohler appeals the district court's dismissal of his *pro se* complaint brought pursuant to 42 U.S.C. § 1983. Due to alleged "defects in his commercial contract, promissory note and mortgage note," Mr. Kohler argues that "his rights to due process and equal protection of the law [were] violated" by the mortgage foreclosure on his property in Tarpon Springs, Florida. Appellant's Br. at 2. Mr. Kohler brought this federal action against the mortgagor, Marian Garlets, as Successor Trustee of the Margery L. Baker Revocable Trust, and the attorneys—Mark A. Spence and David Gilmore—who represented Ms. Garlets and the Trust during the foreclosure and related bankruptcy proceedings.

On appeal, Mr. Kholer challenges the district court's rulings that (1) federal court jurisdiction over his claims was barred by the *Rooker-Feldman* doctrine, and (2) he failed to state a cause of action under § 1983 because the defendants were not state actors. In addition, he argues that the district court violated his due process rights by denying him an opportunity "to be heard on his claims." Appellant's Br. at 2. Following a review of the record and the parties' briefs, we affirm.

2

I.

We review the district court's application of the *Rooker-Feldman* doctrine *de novo*. *See Lozman v. City of Riviera Beach, Fla*., 713 F.3d 1066, 1069 (11th Cir. 2013). The *Rooker-Feldman* doctrine derives from two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). It bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

On appeal, Mr. Kohler asserts that the *Rooker-Feldman* doctrine does not apply in this case because "the instant matter arose from a Federal bankruptcy case." Appellant's Br. at 3. We find no support for this assertion anywhere in the record, and Mr. Kohler cites to none. Moreover, because Mr. Kohler raised this argument for the first time on appeal, it is not properly before us. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

To the extent Mr. Kohler claims that he was injured by the state court's foreclosure order and seeks "a determination as to the title and rights and interests" of the foreclosed-upon property, *see* Complaint, D.E. 1 at 6, the district court properly ruled that his claims were barred by the *Rooker-Feldman* doctrine, as

3

these claims are inextricably intertwined with the state court's foreclosure judgment. *See Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (explaining that the doctrine "applies both to federal claims raised in the state court and to those inextricably intertwined with the state court's judgment") (internal quotation marks omitted). *See also Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1330 (11th Cir. 2010) ("The doctrine bars the losing party in state court 'from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

Construed liberally, Mr. Kohler's complaint could also be read to raise an independent damages claim against Ms. Garlets and her attorneys based on alleged misconduct during the state foreclosure proceedings. *See* D.E. 1 at 6 (alleging that the defendants knew of certain defects in the mortgage documents that would have barred their foreclosing on his property but continued with the foreclosure action for their "own personal gain"). Because a challenge to the defendants' conduct in state proceedings does not necessarily seek appellate review and reversal of the state court judgment, the district court erred in ruling that such a claim was barred by the *Rooker-Feldman* doctrine. *See Truong v. Bank of Am., N.A.*, 717 F.3d 377, 383 (5th Cir. 2013) (finding that the *Rooker–Feldman* doctrine did not bar a

4

challenge to a foreclosure when "the damages [the Appellant] requested were for injuries caused by the banks' actions, not injuries arising from the foreclosure judgment"); *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006) (holding that the *Rooker-Feldman* doctrine does not bar "*independent claims* that . . . state court judgments were procured by certain Defendants through fraud, misrepresentation, or other improper means").

## II.

We review *de novo* a district court's dismissal for failure to state a claim under Rule 12(b)(6).  *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).  The complaint need not contain detailed factual allegations in order to state a claim, but the plaintiff must allege sufficient facts to make the claim "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard).  We hold *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Although we conclude that the district court had jurisdiction to consider Mr. Kohler's claim for damages, its dismissal under Federal Rule of Civil

Procedure 12(b)(6) was proper.  To state a claim for relief in an action brought under § 1983, a plaintiff must allege sufficient facts to establish that he or she was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  A private party may be considered a state actor for purposes of § 1983 only in the "rare circumstances" that one of three tests is satisfied: the state compulsion test, the public function test, or the nexus/joint action test.  *See Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001).  Although Mr. Kohler correctly identifies these tests in his brief, his complaint fails to allege any facts that could support a § 1983 claim against any of the defendants.  Messrs. Gilmore and Spence are merely private attorneys who acted on behalf of their clients, Marian Garlets and the Margery L. Baker Revocable Trust, in a state foreclosure action and related bankruptcy proceedings.  "[O]ne who has obtained a state court order or judgment is not engaged in state action merely because it used the state court legal process."  *Cobb v. Georgia Power Co.*, 757 F.2d 1248, 1251 (11th Cir. 1985).

Mr. Kohler is correct that private citizens may be "liable as state actors when they conspire with government officials to deprive people of their rights." Appellant's Br. at 8.  But, in order to succeed on such a claim, "the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the

6

conspiracy between the state actor(s) and the private persons." *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992). Mr. Kohler failed to allege any such facts here, and thus the district court correctly determined that he failed to "plead conspiracy sufficiently to transform the [private] appellees into state actors." *See id*.

### III.

Finally, Mr. Kohler appears to argue that the district court violated his due process rights by failing to notify him of a "hearing date once Appellee[s] [i.e., the defendants] filed their motion[s] to dismiss." Appellant's Br. at 2. The defendants filed and served their motions to dismiss on October 14 and 19, 2013. *See* D.E. 4, 6. Under Rule 3.01(b) of the Local Rules for the District Court for the Middle District of Florida, a party opposing a motion is afforded 14 days in which to file a response in opposition to the request. Mr. Kohler neither filed a written response nor requested a hearing on the motions to dismiss within the allotted time, and the district court dismissed his complaint on December 30, 2013.

The district court was under no duty to provide Mr. Kohler with an oral hearing on the motions to dismiss. "The circuit courts that have addressed the question of whether an oral hearing is required on motions to dismiss in civil cases have uniformly held that no oral hearing is required by the Due Process Clause." *Green v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir. 1998) (collecting cases).

*Cf. Erco Indus. Ltd. v. Seaboard Coast Line R. Co.*, 644 F.2d 424, 431 (5th Cir. 1981) ("Although Rule 56 requires notice to an adverse party and a hearing, the hearing need not be an oral or formal evidentiary hearing. . . . The district court did not deny the railroads due process by declining to hold an oral hearing on Erco's motion for summary judgment.").[1]  As the Supreme Court has explained, "[c]ertainly the Constitution does not require oral argument in all cases where only insubstantial or frivolous questions of law, or indeed even substantial ones, are raised." *Fed. Commc'ns Comm'n v. WJR, The Goodwill Station*, 337 U.S. 265, 276 (1949) ("[T]he right of oral argument as a matter of procedural due process varies from case to case in accordance with differing circumstances. . . .").

Because Mr. Kohler received service of the motions to dismiss and makes no arguments as to why he could not comply with the time limits set forth in Local Rule 3.01(b), we hold that the district court afforded him sufficient notice and an opportunity to be heard (by filing a written response) on the motions to dismiss. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules.").

IV.

---

[1] This Court has adopted as binding precedent all decisions of the former Fifth Circuit Court of Appeals announced prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

The district court's dismissal of Mr. Kohler's complaint is affirmed.

**AFFIRMED.**