Lenington v. Kachkar

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand sixteen.

PRESENT:  JOHN M. WALKER, JR.,
                REENA RAGGI,
                PETER W. HALL,
                    *Circuit Judges.*

-----------------------------------------------------------------------

DAVID S. LENINGTON, PENNSYLVANIA AVENUE FUNDS,

         *Plaintiffs-Appellees*,

       v.

JACK KACHKAR,

         *Defendant-Appellant*,

RIMA GOLDSCHMIDT, JAY M. GREEN, INYX INC., STEVEN HANDLEY, DAVID ZINN, BERKOVITS, LAGO & COMPANY LLP, BERKOVITS & COMPANY, LLP,

         *Defendants*.

14-4523(L),
14-4524(Con)

-----------------------------------------------------------------------

FOR APPELLANT:  Jack Kachkar, *pro se*, Key Biscayne, Florida.

1

FOR APPELLEE LENINGTON:        David A.P. Brower (Daniel Kuznicki, *on the brief*), Brower Piven P.C., New York, New York.

FOR APPELLEE PENNSYLVANIA
AVENUE FUNDS:        No appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 10, 2014, is AFFIRMED.

Defendant Jack Kachkar, proceeding pro se, appeals from a consent judgment entered after he violated the terms of his settlement agreement with plaintiffs David S. Lenington and Pennsylvania Avenue Funds by defaulting on an agreed-upon payment. Kachkar argues that plaintiffs failed to satisfy a term of the settlement agreement, which was a condition precedent to the entry of the consent judgment, without which he cannot be deemed to have consented to such entry. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

The rule against appellate review of a consent judgment, see LaForest v. Honeywell Int'l Inc., 569 F.3d 69, 73 (2d Cir. 2009), applies only to "the substance of a consent order . . . when the order explicitly covers the question sought to be appealed or when the issue on appeal does not raise a substantial question of interpretation," United States v. Int'l Bhd. of Teamsters, 931 F.2d 177, 182 n.1 (2d Cir. 1991). We have acknowledged

that appeals from consent judgments are permissible "where (i) the party did not actually consent, or (ii) the court lacked subject matter jurisdiction to enter the judgment." Priest v. C.I.R., 173 F.3d 845, 1999 WL 236900, at *1 (2d Cir. 1999) (unpublished decision) (collecting cases). Because Kachkar here seeks to appeal the district court's interpretation of the settlement agreement's terms and its determination that plaintiffs satisfied those terms, rather than the terms of the consent judgment itself, we construe Kachkar's pro se appeal to contend that Kachkar did not consent to the entry of the consent judgment. Accordingly, we conclude that appellate review is not automatically foreclosed.

Nevertheless, under the express language of the settlement agreement, Kachkar waived his right to appeal the district court's "implementation and enforcement of the terms" of the settlement agreement or its resulting entry of the consent judgment. See Settlement Agreement ¶¶ 2.8−2.13 (stating that, in event of Kachkar's default and plaintiffs' determination that patent rights could not be satisfactorily monetized, plaintiffs "have the right to enter the self-executing, non-appealable [consent] Judgment" and that Kachkar would "waive any right to challenge . . . the entry of, or execution upon the [consent] Judgment"), 9.10 (providing that "any decision or resolution of any dispute between the Settling Parties by the Court shall be final and non-appealable in any forum"); see also LaForest v. Honeywell Int'l Inc., 569 F.3d at 73 (recognizing that, after entering court-endorsed settlement agreement, defendants waive rights to appeal that are not expressly preserved). "Settlement agreements are contracts and must therefore be

3

construed according to general principles of contract law." Red Ball Interior Demolition Corp. v. Palmadessa, 173 F.3d 481, 484 (2d Cir. 1999). Where the language of a contract is clear, extrinsic evidence of its meaning or the parties' intentions is both unnecessary and improper. See Lee v. BSB Greenwich Mortg. Ltd. P'ship, 267 F.3d 172, 178 (2d Cir. 2001). Under the terms of the settlement agreement, Kachkar not only failed expressly to preserve any rights to appeal the entry of the consent judgment, but also expressly waived any such rights. Thus, Kachkar cannot appeal the district court's decision to grant plaintiffs' motion for the entry of the consent judgment or its resulting entry of such judgment.[1]

Insofar as Kachkar also argues that the district court somehow expanded his interest obligations because the May 5, 2012 order did not identically match the proposed consent judgment signed by the parties, we reject the argument. Although the district court's order and judgment settling the action failed to attach two pages of the proposed consent judgment, the exclusion of those pages appears to be nothing more than a computer error. Moreover, the final consent judgment entered on November 10, 2014, mirrored the proposed consent judgment in all material respects.

---

[1] Further, we identify no abuse of discretion in the district court's decision not to hold a hearing on plaintiffs' motion. The district court was not required to hold a hearing and did not abuse its discretion in declining to do so. See Greene v. WCI Holdings Corp., 136 F.3d 313, 316 (2d Cir. 1998) (recognizing that district courts can dismiss complaint or enter summary judgment without holding oral hearing).

We have considered all of Kachkar's remaining arguments and conclude that they are without merit.   Accordingly, we AFFIRM the judgment of the district court.

                    FOR THE COURT:
                    Catherine O'Hagan Wolfe, Clerk of Court