NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

DEC 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| LISA MCCARTHY; MARY KATHERINE ARCELL; KEITH DEAN BRADT; JOSE BRITO; JAN-MARIE BROWN; ROSEMARY D'AUGUSTA; BRENDA DAVIS; PAMELA FAUST; CAROLYN FJORD; DONALD C. FREELAND; DONNA FRYE; GABRIEL GARAVANIAN; HARRY GARAVANIAN; YVONNE JOCELYN GARDNER; VALARIE JOLLY; MICHAEL MALANEY; LENARD MARAZZO; TIMOTHY NIEBOER; DEBORAH PULFER; BILL RUBINSOHN; SONDRA RUSSELL; JUNE STANSBURY; CLYDE DUANE STENSRUD; GARY TALEWSKY; DIANA LYNN ULTICAN; PAMELA WARD; CHRISTINE M. WHALEN, Plaintiffs - Appellants, v. INTERCONTINENTAL EXCHANGE, INC.; INTERCONTINENTAL EXCHANGE HOLDINGS, INC.; ICE | No. 23-3458 D.C. No. 3:20-cv-05832-JD MEMORANDUM* |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

BENCHMARK ADMINISTRATION LIMITED; ICE DATA SERVICES, INC.; ICE PRICING AND REFERENCE DATA LLC; BANK OF AMERICA CORPORATION; BARCLAYS BANK PLC; BARCLAYS CAPITAL, INC.; CITIBANK, N.A.; CITIGROUP, INC.; CITIGROUP GLOBAL MARKETS, INC.; COOPERATIEVE RABOBANK U.A.; CREDIT SUISSE GROUP AG; CREDIT SUISSE AG; CREDIT SUISSE SECURITIES (USA) LLC; DEUTSCHE BANK AG; DEUTSCHE BANK SECURITIES, INC.; HSBC HOLDINGS PLC; HSBC BANK PLC; HSBC BANK USA, N.A.; HSBC SECURITIES (USA) INC.; JPMORGAN CHASE & CO.; J.P. MORGAN SECURITIES LLC; LLOYDS BANK PLC; LLOYDS SECURITIES INC.; MUFG BANK, LTD.; THE BANK OF TOKYO-MITSUBISHI UFJ LTD; MITSUBISHI UFJ FINANCIAL GROUP INC.; MUFG SECURITIES AMERICAS INC.; ROYAL BANK OF SCOTLAND GROUP PLC; ROYAL BANK OF SCOTLAND, PLC; NATIONAL WESTMINSTER BANK PLC; NATWEST MARKETS SECURITIES INC.; SUMITOMO MITSUI BANKING CORPORATION; SUMITOMO MITSUI FINANCIAL GROUP, INC.; SUMITOMO MITSUI BANKING CORPORATION EUROPE LTD; SMBC CAPITAL MARKETS, INC.; UBS GROUP AG; UBS AG; UBS SECURITIES LLC; BANK OF AMERICA, N.A.; JPMORGAN CHASE BANK, N.A.,

2

> Defendants - Appellees,

and

ROYAL BANK OF CANADA, RBC
CAPITAL MARKETS, LLC, THE
NORINCHUKIN BANK,

> Defendants.

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted December 5, 2024[**]
San Francisco, California

Before: M. SMITH and BUMATAY, Circuit Judges, and WU, Senior District
Judge.[***]

Plaintiffs-Appellants are consumers who allege that Defendants-Appellees,
mostly large banks, conspired to fix the London Inter-Bank Interest Rate (LIBOR).
The district court dismissed Plaintiffs' claims against the Foreign Defendants[1]

---

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable George H. Wu, United States Senior District Judge for
the Central District of California, sitting by designation.

[1] The Foreign Defendants are: ICE Benchmark Administration Limited,
Barclays Bank PLC, Coöperatieve Rabobank U.A., Credit Suisse Group AG,
Credit Suisse AG, Deutsche Bank AG, HSBC Holdings plc, HSBC Bank plc,
Lloyds Bank plc, MUFG Bank, Ltd., The Bank of Tokyo-Mitsubishi UFG Ltd.,
Mitsubishi UFJ Financial Group, Inc., Royal Bank of Scotland Group plc, Royal

without prejudice for lack of personal jurisdiction. Plaintiffs' claims against the remaining Defendants were dismissed with prejudice for lack of antitrust standing. The district court denied Plaintiffs' request for leave to amend their First Amended Complaint (FAC) and denied their request for jurisdictional discovery as moot. We affirm.

1.     The district court did not err in dismissing the claims against the Foreign Defendants for lack of personal jurisdiction. It properly considered the Foreign Defendants' declarations. It could not "assume the truth of allegations in a pleading which are contradicted by affidavit." *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 858 (9th Cir. 2022) (quoting *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977)). Plaintiffs' focus on foreseeable consequences is also misplaced. "'[F]oreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980). Contrary to Plaintiffs' contention, the Foreign Defendants did not admit targeting the United States. Although some LIBOR rates were denominated in U.S. dollars, the LIBOR rates were set based on Defendants' submissions in London and used

---

Bank of Scotland plc, National Westminster Bank plc, Sumitomo Mitsui Banking Corporation, Sumitomo Mitsui Financial Group Inc., SMBC Bank International plc (f/k/a Sumitomo Mitsui Banking Corporation Europe Ltd.), UBS Group AG, and UBS AG.

worldwide. This does not suggest Defendants' conduct was "expressly aimed" at the United States. *See Doe v. WebGroup Czech Republic, a.s.*, 93 F.4th 442, 452 (9th Cir. 2024) (quoting *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017)). Nor does service in the United States establish personal jurisdiction. Even "[i]n a statute providing for nationwide service of process, [an] inquiry to determine 'minimum contacts' is" conducted. *See Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004). Plaintiffs' remaining contentions are unpersuasive.

2.    The district court did not abuse its discretion in denying Plaintiffs the opportunity to conduct jurisdictional discovery. "[A] mere hunch that discovery might yield jurisdictionally relevant facts, or bare allegations in the face of specific denials, are insufficient reasons for a court to grant jurisdictional discovery." *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 507 (9th Cir. 2023) (quoting *LNS*, 22 F.4th at 864–65). That is all Plaintiffs have offered here.

3.    The district court did not err in dismissing the remaining claims for lack of antitrust standing. Assuming without deciding that Plaintiffs adequately alleged an antitrust injury, they still lack standing. *See City of Oakland v. Oakland Raiders*, 20 F.4th 441, 455 (9th Cir. 2021) (noting that Congress did not intend to afford a remedy to everyone injured by an antitrust violation simply on a showing of causation, and enumerating five factors governing antitrust standing). Their

5                                    23-3458

injury is not direct. None adequately alleges any transactions with any of the Defendants.[2] Although Plaintiffs have labeled various financial institutions as "unnamed co-conspirators," this is immaterial. Plaintiffs have pled no facts suggesting any such institution played a role in the alleged conspiracy. Plaintiffs' damages are speculative, both because their injury is indirect and because the alleged harms may have been produced by independent factors. Specifically, the rates Plaintiffs may have paid combined LIBOR and an additional percentage set by their own lenders, who are not Defendants. Apportioning damages would also be very complex. A jury would have to untangle what the LIBOR should have been, what each of Plaintiffs' lenders would have charged, and what borrowing decisions each of Plaintiffs would have made. The existence of more appropriate plaintiffs cuts in Defendants' favor: the alleged conspiracy could be challenged by Defendants' own borrowers. The FAC also never alleges facts suggesting Defendants had specific intent to target these Plaintiffs. For all these reasons, Plaintiffs' allegations are insufficient.

4.     The district court did not abuse its discretion in denying Plaintiffs

---

[2] Gardner alleges she had "a LIBOR rate based note from Defendant Bank of America." The record contradicts this allegation. Even on motions to dismiss, courts may consider documents proffered by the defendant "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Gardner's loan agreement meets this criterion, and it shows she had a fixed-rate mortgage and not one which could possibly be tied to a LIBOR.

leave to amend the FAC.  Plaintiffs do not identify any new facts they would plead.

Moreover, Plaintiffs failed to request leave to amend from the district court.

5. The district court did not contravene either the Due Process Clause or

Fed. R. Civ. P. 12(i) by deciding Defendants' motion without oral argument.  We

have "reject[ed] th[e] argument" that a "district court violate[s] the[] right to

procedural due process by ruling on [the defendant's] motion to dismiss without an

oral hearing." *Novak v. United States*, 795 F.3d 1012, 1023 (9th Cir. 2015).  As for

Fed. R. Civ. P. 12(i), the "hearing" requirement does not require an oral hearing.

*See Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir. 1998) (collecting

cases reaching this conclusion).  The Federal Rules elsewhere confirm that motions

can be decided without oral argument.  *See* Fed. R. Civ. P. 78(b).

6. We need not address the other issues raised by Plaintiffs: the district

court never relied on them in dismissing Plaintiffs' FAC.

**AFFIRMED.**